UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANICE MARIE PALMITER,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                Defendant. | CASE NO. C14-0611-JCC-MAT<br><br>REPORT AND RECOMMENDATION |

Plaintiff Janice Marie Palmiter proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends this matter be REMANDED for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1955.[1] She has a high school education, an associate degree, and additional college courses. (AR 27.) She has past relevant work as a computer

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE - 1

network analyst.  (AR 46-47.)

Plaintiff filed an application for DIB on February 12, 2012, alleging disability beginning August 31, 2001.  She is insured for DIB through December 31, 2007.  (AR 13.)  Plaintiff's application was denied at the initial level and on reconsideration, and she timely requested a hearing.

On January 7, 2013, ALJ David J. DeLaittre held a hearing, taking testimony from plaintiff and a vocational expert.  (AR 22-52.)  On January 31, 2013, the ALJ issued a decision finding plaintiff not disabled from August 31, 2001 through the date last insured (DLI).  (AR 11-16.)

Plaintiff timely appealed.  The Appeals Council denied plaintiff's request for review on March 24, 2014 (AR 1-4), making the ALJ's decision the final decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must be determined whether the claimant is gainfully employed.  The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date through the DLI.  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff's scoliosis was a medically determinable impairment, but not severe within the meaning of the Act.  The ALJ found plaintiff's alleged depression, post-traumatic stress disorder (PTSD), and anxiety disorder not medically determinable.

REPORT AND RECOMMENDATION
PAGE - 2

Finding no severe impairment at step two, the ALJ did not proceed through the additional steps of the sequential evaluation. The ALJ found plaintiff not disabled from her alleged onset date through the DLI.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ failed to properly consider her spinal scoliosis, cervical stenosis, right knee impairment, and mental health disorders at step two of the sequential evaluation. She requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

## Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996

(quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*.

A diagnosis alone is not sufficient to establish a severe impairment. 20 C.F.R. § 404.1512(c). A step two severe mental or physical impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques, and established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by a claimant's statement of symptoms. 20 C.F.R. §§ 404.1508, 416.908. Then, "provided that the individual has a medically determinable impairment(s) that could reasonably be expected to produce the symptoms," a determination of whether the impairment at step two is severe "requires an assessment of the functionally limiting effects of an impairment(s), symptom-related limitations and restrictions" of the impairment. SSR 96-3p.

Plaintiff argues the ALJ failed to properly consider both her physical and mental impairments at step two.

A.   Scoliosis

The ALJ found plaintiff's scoliosis medically determinable, based on imaging studies from May 2010 and the fact plaintiff had the condition from birth. (AR 480.) The ALJ found the condition non-severe because plaintiff was able to work with it until age forty six, with no evidence showing the condition had more than a minimal effect on her ability to work. (AR 13.)

Plaintiff disputes this conclusion, noting she saw a chiropractor regularly for scoliosis and low back pain. She reported to her treating physician in 2006 that her scoliosis and low back

REPORT AND RECOMMENDATION
PAGE - 4

pain was chronic, and limited her career choices because it was hard to stand or do certain movements. (AR 433.) An August 2007 chart note reported plaintiff's complaints of ongoing low back pain once or twice a week provoked by lifting, leaning over, and sitting. (AR 526.) A chart note from 2008 (although after the DLI) also mentions plaintiff's scoliosis and chronic back pain, with plaintiff requesting a physical therapy referral. She cited difficulties working if her arms were flexed, or with repetitive movement. (AR 382.)

The Commissioner's arguments go primarily to a question not reached by the ALJ – whether plaintiff's RFC is affected by her scoliosis. The Commissioner argues plaintiff's activities contradict her testimony of totally disabling symptoms, and that her testimony about leaving work due to stress is not consistent with the claim that her scoliosis significantly interfered with her ability to work. (*See* Dkt. 16 at 5-6.)

At step two, however, the question before the ALJ is much more limited. The ALJ found the record evidence sufficient to establish the diagnosis of scoliosis. Therefore, the condition may only be found non-severe if the evidence shows it to have "no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290. Step two serves to screen out claimants "whose medical impairments are so slight that it is unlikely they would be found to be disabled even if their age, education, and experience were taken into account." *Bowen*, 482 U.S. at 153.

Here, the medical record includes evidence of problems from plaintiff's scoliosis sufficient to pass the de minimis threshold at step two. Whether or not plaintiff will succeed in proving she is disabled and entitled to DIB is yet to be determined. Nevertheless, the Court finds the ALJ lacked substantial evidence to conclude the medical evidence clearly established plaintiff's scoliosis was not severe at step two. In the absence of substantial evidence to show

REPORT AND RECOMMENDATION
PAGE - 5

1  plaintiff's claim was "groundless," the ALJ should have continued the sequential analysis
2  beyond step two. *See Smolen*, 80 F.3d at 1290.

3  B.  <u>Cervical Stenosis</u>

4  The Court agrees with the Commissioner that plaintiff has not established error in the
5  ALJ's failure to find cervical stenosis to be a step two severe impairment. Unlike plaintiff's
6  scoliosis, the evidence does not include an opinion from an acceptable medical source that
7  plaintiff suffered from the condition of cervical stenosis before the expiration of her DLI. *See* 20
8  C.F.R. § 404.1513(a) ("We need evidence from acceptable medical sources to establish whether
9  you have a medically determinable impairment(s).")

10  While acceptable medical source Dr. Buetow may have diagnosed cervical stenosis after
11  the DLI (AR 353), he did not offer an opinion as to the date of onset of the condition. *See*
12  *Capobres v. Astrue*, CV 1:09–682, 2011 WL 1114256 at *5 (D. Ida. Mar. 25, 2011) (explaining
13  that while post-DLI medical evidence cannot be rejected solely as remote in time, it can be
14  rejected on the grounds that the evidence itself is not retrospective). The Court does not find
15  error in the ALJ's failure to find cervical stenosis severe at step two.

16  C.  <u>Right Knee Impairment</u>

17  Plaintiff injured her right knee in June 2006. (AR 404.) One year later, prior to her DLI,
18  her treating physician noted plaintiff continued to have pain "mainly at night" which was not
19  severe, but caused stiffness with inactivity. (AR 409.) An MRI showed chondromalacia, joint
20  effusion, and a "probable tear of the root of the lateral meniscus." (AR 402.)

21  The ALJ did not address plaintiff's right knee pain at step two. Although an acceptable
22  medical source diagnosed plaintiff's knee impairment prior to her DLI, the only opinion
23  evidence that arguably addressed any possible knee limitations was from consulting expert

REPORT AND RECOMMENDATION
PAGE - 6

Alnoor Virji, M.D. in June 2012. (AR 70 ("Limitations established due to Back Pain second [sic] to scoliosis and right knee pain 2nd to Tricompartmental chondromalacia, most severe in the patellofremoral compartment, with a …small Joint effusion."))  The ALJ found that, as applied to plaintiff's scoliosis, the opinion should be given "little weight", as the evidence did not establish any significant limitations caused by plaintiff's scoliosis, and Dr. Virji's restrictions were inconsistent with plaintiff's activities. (AR 16.)  However, the ALJ did not mention plaintiff's right knee pain in evaluating Dr. Virji's opinion.

As the Court finds it necessary to remand this matter for further consideration of plaintiff's scoliosis at step two, the ALJ should again address the weight given to Dr. Virji's opinion regarding limitations caused by plaintiff's scoliosis, as well as her right knee pain.

D.    Mental Health Disorders

A step two mental impairment must also be established by the diagnosis of an acceptable medical source.  20 C.F.R. § 404.1513(a).  Although plaintiff alleges depression, PTSD, and an anxiety disorder, the only mental health condition diagnosed by an acceptable medical source prior to the DLI was anxiety.  (AR 436.)  The ALJ found this condition not severe because, despite the self-reports of anxiety to Dr. Bloom in January 2006, plaintiff "did not follow-up with any treatment and there are no further complaints of any mental health symptoms during the period at issue." (AR 14.) The ALJ did acknowledge the 2012 diagnoses of Marilyn Jensen, MA, LMHC (AR 550-60) and Joshua Cohen, DO (AR 548-49, 561-66) but rejected them as unsupported by objective medical evidence.  (AR 14.)

Plaintiff disputes the ALJ's finding she had no complaints of mental health symptoms during the period at issue by pointing to her report of "chronic problems with memory" during an office visit with Dr. Bloom on June 27, 2007. (AR 409.)  The Court finds this reference

REPORT AND RECOMMENDATION
PAGE - 7

unpersuasive, as the comment was made in the context of plaintiff's concern about her risk of lyme disease. She made no mention in this follow-up visit with Dr. Bloome, the same physician who examined her in 2006, about her anxiety issues. The Court finds reasonable the ALJ's interpretation of the record as showing no complaints by plaintiff of mental health symptoms before her DLI. *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Furthermore, while plaintiff subsequently discussed mental health concerns with her medical providers after the DLI (AR 360, 384, 549, 550), the reports of these providers do not establish medically determinable mental impairments existing prior to the DLI of December 31, 2007. The Court, in sum, finds no error in the ALJ's determination that plaintiff did not have a severe mental impairment at step two.

## CONCLUSION

For the reasons set forth above, this matter should be REMANDED for further proceedings.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will

/ / /

REPORT AND RECOMMENDATION
PAGE - 8

be ready for consideration by the District Judge on **December 19, 2014**.

DATED this 4th day of December, 2014.

Mary Alice Theiler
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 9